Eastern District of Kentucky
FILED

NOT FOR PUBLICATION OR CITATION

NOV 0 7 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-349-JMH

STEVEN FRANKLIN BREWSTER　　　　　　　　　　　　　　　PLAINTIFF

VS:　　　　　**MEMORANDUM OPINION AND ORDER**

KATHRYN ANNE B. HUDSON, ET AL.　　　　　　　　　　　　DEFENDANTS

The plaintiff, Steven Franklin Brewster, who lists his address as 1746 Jennifer Road, #4, Lexington, Kentucky, 40505, has filed a *pro se* civil rights complaint, an Amended Complaint, and a "motion" [Record Nos. 1, 4 and 8], in which he collectively asserts claims under 42 U.S.C. §1983. He has also filed a motion to proceed *in forma pauperis* [Record No. 9], which the Court will address by separate Order.

NAMED DEFENDANTS

The named defendants are: (1) Kathryn Anne B. Hudson; (2) Robert L. Brewster; (3) Susan G. Fister; (4) Norma Akmin; (5) Janet C. Booth; (6) Theodore E. Cowen; (7) C. Hunter Daugherty; (8) Christy Flores; (9) Brian T. Goettl; (10) David A. Holliday; (11) George Keifer, MD; (12) Mrs. Keifer; (13) Timothy Philpot; (14) Kathy W. Stein; and (15) "Unknown African-American Female Comprehensive Care."[1]

---

[1] The plaintiff identified Defendants 1-3 in his initial submission [Record No. 1]. He identified Defendants 4-15 in his "Amended Complaint" [Record No. 4].

## CLAIMS

The plaintiff broadly claims that the defendants violated his constitutional rights. His initial §1983 "complaint" provides little information. In the Amended Complaint, the plaintiff offers more facts in support of his claim that the defendants deprived him of his civil rights. Broadly construed, the plaintiff appears to assert that the defendants violated his rights under the Fourteenth Amendment of the United States Constitution, which guarantees due process of law. In the Amended Complaint, the plaintiff also listed several other federal statutes which he claims provide subject matter jurisdiction for this action.

## ALLEGATIONS OF THE PETITION

The Court will summarize the contents of the fifteen-page Amended Complaint.[2] The plaintiff recounts at length a series of events in the Jessamine District Court which stemmed from the administration of the probate estate of his mother, Jeanne B. Masengale. The plaintiff and his siblings, Defendants Robert L. Brewster, Kathryn Anne Hudson, and Susan Grace Fister, disagreed as to how their mother's estate should be handled and who should administer it. In 2003, the Jessamine District Court removed the plaintiff as the executor of his mother's estate. Hostilities ensued.

The plaintiff explains that in 2003, he initiated series of *pro se* civil lawsuits, criminal charges and judicial complaints against individuals (including Theodore Cowen, one of his siblings' attorneys) involved in the probate case [Amended Complaint, pp. 4-13]. Plaintiff states

---

[2] The pages were not numbered.

that in October, 2003, one of his siblings, Robert Brewster, obtained several mental health warrants and an emergency protective order against him in the Fayette County Family Court [*Id.*, ¶¶ 18-21].³ The plaintiff set forth a detailed narrative as to each piece of litigation in which he and his family members were involved. It is unnecessary for the Court to recite the specifics of each of the many legal actions which were initiated either between the plaintiff and his brother, or by the plaintiff against Attorney Theodore Cowen.

It appears that in his siblings' efforts to "oust" the plaintiff as executor of their mother's estate, they used and/or relied on 1999 psychiatric reports which Comprehensive Care had prepared concerning the plaintiff. These reports were apparently prepared as part of the plaintiff's disability proceedings.

The plaintiff names as defendants all of his siblings; Attorney Theodore Cowen; the Jessamine County Attorney (Defendant Goettl); two judicial officers in the Jessamine District and Circuit Courts (Defendants Booth and Daugherty); one of the Fayette County Family Court

---

³

The Brewster family acrimony has spilled over into this Court on one prior occasion. The Court takes judicial notice of the fact that on October 22, 2004, Robert Brewster filed a §1983 action in this Court against Jessamine County Attorney Brian T. Goettl, *see Robert L. Brewster v. Brian T. Goettl, Individually and in his Official Capacity as Jessamine County Attorney*, Lexington Civil Action No. 04-479-JMH. In that action, Robert Brewster claimed that Goettl violated his constitutional rights when he improperly allowed Steven Franklin Brewster (plaintiff herein) to file a criminal complaint against him (Robert) in Jessamine District Court.

In the criminal complaint, Steven Brewster alleged that Robert Brewster had entered Steven's home without permission and had stolen items valued at less than $3,000.00. Goettl forwarded Steven's criminal complaint to Jessamine District Judge Bill Oliver, with the recommendation that summons issue. Judge Oliver reviewed the complaint and issued a warrant for Robert Brewster's arrest. Robert Brewster was arrested, but the charges were ultimately dismissed with prejudice.

On May 19, 2005, the undersigned dismissed Robert Brewster's §1983 complaint on the grounds that Goettl was protected by the doctrine of absolute prosecutorial immunity.

3

Judges (Defendant Philpot); various employees of "Comprehensive Care" (Defendants Akim, Flores, Mr. and Mrs. George Keifer; and an "Unknown African American Female" employee of that entity).

### RELIEF REQUESTED

The plaintiff seeks monetary damages from the defendants, "payment for lost property," and compensation for emotional distress.

### DISCUSSION
#### 1. Authority to Screen

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The plaintiff is not a prisoner; however, because he asks the Court to allow him to proceed without prepayment of fees on the basis of indigency, the Court is authorized to screen this case and to dismiss it at any time if it determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B). For several reasons, the Court determines that the instant complaint must be dismissed.

#### 2. Claims Asserted in the Amended Complaint [Record No. 4]
##### A. *Rooker-Feldman* Doctrine Bars

The plaintiff makes it abundantly clear in his Amended Complaint that he seeks monetary damages under §1983 against the named defendants because he is unhappy with the outcome of numerous state court proceedings initiated in 2003 and 2004, both in the Jessamine District Court and in the Fayette County Family Court. All of these lawsuits originate from the dissent between the plaintiff and his siblings, namely his brother, Robert Brewster, over how their

4

mother's probate should have been administered.

The plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n. 16, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149 (1923).

Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *See Feldman*, 460 U.S. at 486-87; *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir.2000). A plaintiff's claims are inextricably intertwined with a state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *see Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *See Patmon*, 224 F.3d at 509-10; *Catz*, 142 F.3d at 293.

Here, the plaintiff's federal claims can succeed only to the extent that this Court would determine that the Jessamine District Court and/or the Fayette County Family Court wrongly decided the probate and mental health issues before them. The plaintiff's federal claims in this §1983 action are, in essence, impermissible appeals of various judgments entered in the Jessamine and Fayette District Courts. The plaintiff should have directly appealed these adverse decisions, about which he now complains, through the state court appellate system. An unsuccessful state court litigant simply cannot "appeal" a state court decision in federal court.

5

As the sources of the injury alleged in this §1983 action are the state court decisions adverse to the plaintiff, the *Rooker-Feldman* doctrine prevents this Court from asserting jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Accordingly, the Court lacks jurisdiction to entertain this action.

### B. No "State Action" as to Three Defendants

Even if *Rooker-Feldman* did not bar this action *in toto* (which it does), the complaint suffers from other defects as to certain named defendants. First, Defendants Theodore Cowen, Kathy Stein, and David Holliday are not state actors as relates to this §1983 action. To prevail on a §1983 claim, a plaintiff must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution or laws of the United States. *See Enertech Elec., Inc. v. Mahoning County Commissioners*, 85 F.3d 257, 259-60 (6th Cir. 1996). A plaintiff has the burden of proving that a defendant's action was "caused, controlled or directed by the state or its agencies." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 180 F.3d 758, 764 (6th Cir. 1999) (quoting *Burrows v. Ohio High School Athletic Ass'n*, 891 F.2d 122, 125 (6th Cir. 1989)).

Here, these three defendants are identified as private individuals, not as persons acting under color of state law or in any manner that is attributable to the state. The plaintiff has alleged no facts which would satisfy any of the three tests articulated by the Supreme Court in determining whether a defendant's conduct can be fairly attributed to the state. *See West v. Atkins*, 487 U.S. 42, 450 (1988) (public function test); *Adickes v. S. H. Kresse's Co.*, 398 U.S. 144, 170 (1970) (the state compulsion test); and *Burton v. Wilmington Parking Auth.*, 365 U.S.

715, 721-26 (1961) (symbiotic relationship or nexus test). The Court finds that the plaintiff's §1983 claims subsume his "claim" of a violation of 28 U.S.C. §1343 and, therefore, the claim under §1343 is dismissed as frivolous.

### C. Statute of Limitations

Defendants Goettl, Booth, Daugherty, and Philpot, all of whom are or were judicial officers in either the Jessamine or Fayette County court systems, are clearly state actors. The claims against them, however, fail for another reason: they are time-barred. Kentucky has a one-year statute of limitations on personal injury actions, K. R .S. §413.140, which is applicable to §1983 claims. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179 (6th Cir. 1990); *Demery v. City of Youngstown*, 818 F.2d 1257, 1261 (6th Cir. 1987).

Here, the various court proceedings about which the plaintiff complains transpired in 2003 and 2004. This action was filed on October 17, 2006, well past the one-year statute of limitations for filing §1983 civil rights actions. "A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate." *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir.1995); *see also Paige v. Pandya*, 238 F.3d 423, 2000 WL 1828653, **1 (6th Cir. (Mich.)) (Unpublished opinion); *Alston v. Tennessee Dept. of Corrections*, 28 Fed. Appx. 475, 2002 WL 123688 (6th Cir.(Tenn.).

7

### 3. Claims Asserted in Submission Filed as Record No. 8

The plaintiff has styled this submission as "Motion to Compel Conference and to Add Defendant (the Commonwealth of Kentucky)" [Record No. 8]. In this filing, he alleges that in an attempt to have him (plaintiff) removed as the executor of his mother's estate in the Jessamine District Court in 2003, Attorney Theodore Cowen used and relied on the results of various mental health tests which Comprehensive Care had performed on him (plaintiff) years before, in 1999. Apparently, Comprehensive Care specialists determined that the plaintiff suffered from a mental or psychiatric condition.[4]

Plaintiff appears to challenge Comprehensive Care's conclusions and determinations by asserting §1983 claims against various employees of Comprehensive Care. In addition to the fact that his claims are precluded under the *Rooker-Feldman* doctrine, any claims against these persons would also be barred by the one-year statute of limitations governing §1983 actions.

## OTHER STATUTORY BASES ALLEGED
## IN AMENDED COMPLAINT

### 1. Claims Under 42 U.S.C. §§§1981, 1985 and 1986

In sweeping "blanket fashion," the plaintiff alleged that the defendants violated these statutes [*see* Amended Complaint, p. 3]. He offered no factual basis for a finding that any of these statutes provide a basis of jurisdiction. All of these claims are dismissed as frivolous.

---

[4] The Court takes judicial notice of the fact that through the filing of two other civil actions in the London Division of this Court within the last eighteen months, the plaintiff *himself* acknowledged that he has been diagnosed as suffering from various and severe psychiatric disorders. *See Brewster v. Copper Industries, et al.*, London Civil Action No. 05-318-KKC (dismissed on August 15, 2005), and *Brewster v. Copper Industries, et al.*, London Civil Action No. 05-482-KKC (dismissed on September 28, 2005).

8

### A. 42 U.S.C. §1981

To succeed under §1981,[5] a plaintiff must allege and prove that a defendant's actions were purposefully discriminatory and racially motivated, and may not rely entirely on conclusory allegations. *Williams v. Greendolf, Inc.*, 735 F. Supp. 137, 139 (S. D. N. Y. 1990); *see General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391, 102 S. Ct. 3141 (1982) (plaintiffs could not bring a disparate impact claim under 42 U.S.C. §1981, since purposeful discrimination was required under §1981); *McReynolds v. Sodexho Marriott Services, Inc.*, 349 F.Supp.2d 1 (D.D.C.2004) (same); *Washington v. Davis*, 426 U.S. 229, 96 S. Ct. 2040 (1976) (intentional discrimination must not only be pleaded, but proved); *Browder v. Tipton*, 630 F.2d 1149 (6th Cir. 1980); *Crawford v. Western Electric Co.*, 614 F.2d 1300, 1309 (5th Cir. 1980). The plaintiff does not allege racially motivated discrimination in relation to the enforcement of a contract, as required under §1981. That claim is dismissed with prejudice.

### B. 42 U.S.C. §§1985 and 1986

The plaintiff fails to state a claim under 42 U.S.C. §1985 against the named defendants. In order to state a claim under §1985(2), a plaintiff must show either: (1) the existence of a conspiracy to use threat, force or intimidation of a witness or party to obstruct justice in any court of the United States, or (2) class-based invidious discrimination with respect to a state court proceeding. *See Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483 (1983).

Likewise, a claim under 42 U.S.C. §1985(3) requires a showing that two or more persons

---

[5] 42 U.S.C. §1981 protects every citizen's right to make and enforce contracts. It further guarantees that such right is "protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. §198(c).

9

conspired for the purpose, either directly or indirectly, of depriving another person of equal protection of the law. Similar to a claim under §1985(2), a claim under §1985(3) requires that such a conspiracy be "motivated by racial or class-based discriminatory animus." *Griffin v. Breckinridge*, 403 U.S. 88, (1971); *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 829, (1983). The complaint is devoid of any facts concerning racial or class-based discriminatory animus which would support a claim under either 42 U.S.C. §1985(2) or (3).

A claim under §1986 depends upon the existence of a claim under §1985. *Mollnow v. Carlton*, 716 F.2d 627 (9th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984). A plaintiff who has failed to state a valid claim under §1985 does not state a claim for failure to prevent such a violation. *Givan v. Greyhound Lines, Inc.*, 616 F. Supp. 1223 (S.D. Ohio 1985). *See Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989 (6th Cir. 1994) (In the absence of a violation of §1985, the dependent section 1986 cause of action also failed); *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980)). The §§1985 and 1986 claims are dismissed with prejudice as frivolous.

### 2. Claims Under "18 U.S.C. §1181"

The plaintiff has referred in cursory fashion to 18 U.S.C. §1181. The Court could locate no statute with this designation. That claim is dismissed.

### 3. Claims Under 18 U.S.C. §1962.

The plaintiff has alleged violations of the Racketeer Influenced and Corrupt Organization ("RICO") Act codified at 18 U.S.C. §1962. A civil RICO remedy is created in 18 U.S.C.

§1964(c) for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter. A violation of RICO under §1962(c) requires: (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity. *Sedima. S.P.R.L. v. Imirex Co.*, 473 U.S. 479 (1985). *See also Kenty v. Bank One Columbus NA*, 92 F.3d 384 (6th Cir. 1996). In order to establish "racketeering activity," the plaintiff must allege a predicate act. It is unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 42 U.S.C. §1962(c).

The definition of "enterprise" includes "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4). Two elements are necessary to establish an "enterprise" under RICO, 18 U.S.C.A. §§1961(4), 1962(b),(c): First, there must be evidence of ongoing organization, formal or informal, and evidence that various associates function as a continuing unit; and second, the enterprise must have an existence separate and apart from the pattern of activity in which it engaged. *Medallion TV Enterprises, Inc. v. SelecTV of California, Inc.*, 627 F.Supp. 1290 (C.D. Cal. 1986) (*aff'd* 833 F.2d 1360, *cert. denied*, 492 U.S. 917).

Plaintiff's allegation based on violations of the civil RICO statute fails to state a claim on which relief can be granted. Domestic relations disputes do not constitute a basis for the invocation of RICO remedies. *McMurtry v. Brasfield*, 654 F.Supp. 1222 (E.D. Va. 1987).

11

### 4. Claims Under "ADA," 42 U.S.C. §120102

Although the Court seriously questions any merit of a claim under the Americans with Disabilities Act ("ADA"), it need not reach that issue. A plaintiff seeking relief under the ADA must file suit within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. §12117(a); *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir.1989).

Plaintiff Brewster provides nothing to indicate that he filed a timely charge with the EEOC and failed to obtain a right-to-sue letter, as is required before bringing a claim under the ADA. Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, (1990). The exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action. *Zipes v. TWA*, 455 U.S. 385, 392-98, 102 S.Ct. 1127 (1982) (Title VII); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir.2000) (ADA). Equitable tolling is not appropriate in this case. *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988).

### CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED** *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the 7th day of November, 2006.

JOSEPH M. HOOD, CHIEF JUDGE